```
                    United States District Court
                    Northern District of Alabama
                       Northeastern Division
```

FILED
99 OCT 29 PM 5: 34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**Roger Dale Burbank,**          ]
                                  ]
    Appellant,               ]
                                  ]
vs.                               ] CV-99-N-0486-NE
                                  ]         ENTERED
**Lois Marie Burbank Irons,**    ]
                                  ]        NOV 0 1 1999
    Appellee.                ]

## Memorandum of Decision

The sole question presented on this appeal from the order of the Bankruptcy Court is whether that court abused its discretion when it entered its order on January 14, 1999, lifting the automatic stay so that two of the appellant's former wives could proceed with litigation then pending in the Circuit Court of Lauderdale County, Alabama, in case number DR-92-109.01.[1]

The court first notes that the issue of the dischargeability of accrued interest on the past due child support payments to Lois Marie Burbank Irons was not directly presented to the bankruptcy judge. The appellant argued that point, as he does here. But this court cannot hold as a matter of law that the bankruptcy judge abused his discretion by refusing to find, on minimal briefing and a skimpy record, on a motion to lift the automatic stay, that interest due on past due child support payments was not "in the nature of alimony, maintenance, or support." The simple truth is that the appellant had the opportunity to

---

[1] In that litigation, Beverly E. Burbank sought an order to increase child support from the appellant to her own children, to stop child support payments to the appellee here, and to cause a judicial sale of the home in which the appellant and Beverly E. Burbank had lived in order to satisfy a lien for past due child support payments due Lois Marie Burbank Irons, the appellee here.



present the question in a context that would have afforded both parties a full and fair opportunity to litigate the question–an adversary proceeding.

By separate order to be entered contemporaneously herewith, the decision of the bankruptcy court will be affirmed.

Done, this __29th__ of October, 1999.

---
EDWIN NELSON
UNITED STATES DISTRICT JUDGE